USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

WILLIE CLIFFORD ANDREWS, JR.,                :

          Plaintiff,                           :     **ORDER**

          -v.-                                  :     08 Civ. 3938 (LAP)(FM)

JOHN DOE # 1 and JOHN DOE # 2,               :

          Defendants.                          :

-----------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

      In this pro se civil rights case, plaintiff Willie Clifford Andrews, Jr. ("Andrews"), contends that personnel at the Downstate Correctional Facility ("Downstate") were deliberately indifferent to his medical needs. Although the action initially was filed in the Northern District of New York on December 26, 2007, Andrews has been unable to effect service because he has yet to identify the John Doe defendants allegedly responsible for his deficient care. In a letter dated July 8, 2008, Andrews explained to Judge Preska, the assigned District Judge, that the treatment about which he complains occurred at Downstate on January 4, 2007, between the hours of 8 and 10 a.m.

      On July 23, 2008, Judge Preska memo endorsed Andrews' letter with a directive that the "City shall disclos[e] to plaintiff information contemplated in Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997)." (Docket No. 7). That same day, Judge Preska referred this case to me for general pretrial supervision. Having reviewed the file, I see no indication that a copy of Judge Preska's order was sent to the "City," much less the State, to whom it should have been directed. Accordingly, it appears unlikely that the order had the intended effect.

Under Valentin, the Court has an obligation to help an incarcerated plaintiff obtain the information necessary to effectuate service on defendants whose names or whereabouts are unknown. Accordingly, I am directing that a copy of this Order be sent to the Office of the New York State Attorney General, which typically represents the Department of Correctional Services in cases of this nature. I further direct that the Attorney General provide to Andrews within thirty days the names and current business addresses of the medical personnel who treated Andrews on January 4, 2007. This information is to be provided to Andrews in the form of a letter with a courtesy copy to me. In an effort to avoid yet another potential stumbling block, I note that the identity of the doctors who treated Andrews does not, in my judgment, constitute "individually identifiable health information" within the meaning of HIPAA. Moreover, I see no reason why Andrews should be required to provide any form of release to obtain this limited information regarding his medical providers.

Once the Attorney General has provided Andrews with the names of the persons involved in his treatment on January 4, 2007, he is directed to file a second amended complaint within twenty days. Additionally, once that pleading has been filed, the Clerk of the Court is directed to cause summonses to be issued for the individuals whom Andrews names.

Finally, the deadline for Andrews to effectuate service under Rule 4(m) of the Federal Rules of Federal Procedure is extended to December 12, 2008.

SO ORDERED.

Dated:   New York, New York
         August 7, 2008

/FRANK MAAS
United States Magistrate Judge

2

Copies to:

Hon. Loretta A. Preska
United States District Judge

Willie Clifford Andrews, Jr. [BY MAIL]
08-A-0979
Gowanda Correctional Facility
P.O. Box 311
Gowanda, New York 14070-0311

Hon. Andrew M. Cuomo [BY MAIL & FAX]
Attorney General of the State of New York
By: June Duffy, Esq.
Bureau Chief, Litigation Bureau
120 Broadway, 24th Floor
New York, New York 10271
Fax: (212) 416-6009

J. Michael McMahon
Clerk of the Court

Natalie J. Sobchak
Pro Se Office