```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
WILLIE ANDREWS,                     :     08 Cv. 3938 (LAP)
                                    :
                    Plaintiff,      :
                                    :
        -against-                   :     MEMORANDUM
                                    :     and ORDER
ALINA FORD, TIM NGUYEN, NORIEL      :
GUZMAN, DOWN STATE C.F. MEDICAL     :
STAFF,                              :
                                    :
                    Defendants.     :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

Pro se Plaintiff Willie Andrews brings this suit alleging that "the State failed to protect [him] from cruel and unusual punishment" while he was incarcerated by providing him with inadequate medical treatment in violation of the Eighth Amendment. (Second Amended Complaint (the "Complaint", hereafter cited as "Compl.") at 3.)  Defendants Alina Ford, Tim Nguyen, and Noriel Guzman (collectively, "Defendants") now move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons below, the motion is GRANTED.

I.  BACKGROUND

   A.  Factual Allegations

   Plaintiff alleges that on January 1, 2007, while he was incarcerated at Downstate Correctional Facility ("Downstate"), unnamed persons gave him a physical examination to determine whether he had any illnesses. (Compl. 1.)  The examination revealed that he had a "urine infection," but no one told him about it. (Id. 1.)

   Plaintiff ultimately discovered this diagnosis when he was transferred to the custody of the Albany County Sheriff's Department on September 14, 2007, by which time his genitalia had become discolored. (Id. 1-2.)  Anonymous "staff" at the Albany County jail confirmed this ailment and gave him ineffectual ointments to apply to the affected area. (Id. at 2.)  An unnamed doctor then told him that his affliction was not skin cancer and there was nothing more they could do for him. (Id.)

   Plaintiff returned to Downstate on a new charge on February 28, 2008. (Id.)  He was again examined by anonymous persons, but his condition did not improve. (Id.)  At an unspecified time, Plaintiff was transferred to Gowanda Correctional Facility, where unnamed personnel gave him antiobiotics that cured the infection but not the disfigurement it had caused. (Id.)

2

Plaintiff now seeks "monetary damages from those [who] violated [his] Eighth Amendment right" by denying him effective medical treatment. (Id. at 3.) He asserts that "someone" breached a duty in this regard and "the State" failed to protect him. (Id.)

B.  Procedural History

Plaintiff's initial complaint was filed in the Northern District of New York and subsequently transferred to this Court on April 28, 2008. (Dkt. no. 1.) Pursuant to a Court Order, Plaintiff filed an amended complaint on May 28, 2008. (Dkt. no. 4.) The amended complaint named only Jane Does 1 and 2 as defendants. (See id.) On August 7, 2008, Magistrate Judge Maas, to whom the case was referred for General Pretrial, directed the New York Attorney General to provide Plaintiff with the names and business addresses of the medical personnel who had treated him on January 4, 2007. (Dkt. no. 8.) Plaintiff subsequently filed the operative Complaint on September 30, 2008. (Dkt. no. 10.)

Defendants now move to dismiss under Rule 12(b)(1) on the grounds that Eleventh Amendment Immunity deprives this Court of subject matter jurisdiction over Plaintiff's claims. Alternatively, they argue that the complaint

3

should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim and failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1967e(a)(1996).[1]

II. DISCUSSION

    A.  Legal Standards

The standards of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(1) for lack of subject matter jurisdiction "are substantively identical," although the movant bears the burden of proof on a 12(b)6) motion and the party invoking the court's jurisdiction bears the burden on a 12(b)(1) motion. Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d 2003). To survive a motion to dismiss, a complaint must "plead 'enough facts to state a claim that is plausible on its face.'" Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

---

[1] Defendants filed the instant motion on February 18, 2009. (Dkt. No. 19). On March 4, 2009 Plaintiff obtained an order extending his time to file an opposition to March 30, 2009. (Dkt. No. 20.) To date, he has not done so.

4

is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Because Plaintiff is a prisoner proceeding pro se, the Court must liberally construe his pleadings "to raise the strongest arguments that they suggest." See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). However, a pro se plaintiff's speculative or conclusory claims will not suffice. See Hudson v. Greiner, No. 99 Civ. 12339, 2000 WL 1838324, *2 (S.D.N.Y. Dec. 13, 2000).

Although the Complaint states only that Plaintiff's "Eighth Amendment Right" has been violated, the Court will construe it as having been brought under 28 U.S.C. § 1983 ("Section 1983"), which "establishes liability for deprivation, under the color of state law, 'of any rights, privileges, or immunities secured by the Constitution.'" McPherson, 174 F.3d at 280. To plead adequately an Eighth Amendment violation, Plaintiff must allege facts showing that prison staff deliberately ignored "his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Both an objective and a subjective component are required. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). Plaintiff must allege both denial of medical care and serious injury to satisfy the objective component. Id. at

279. To satisfy the subjective component, Plaintiff must allege that the Defendants acted with a "sufficiently culpable state of mind," meaning "more than negligence, but less than conduct undertaken for the very purpose of causing harm." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

B. Analysis

Defendants correctly contend that the Court lacks subject matter jurisdiction over Plaintiff's claim against "the State" and Defendants in their official capacities. The Eleventh Amendment bars federal courts from hearing Section 1983 suits brought against unconsenting states and their agencies. Alabama v. Pugh, 438 U.S. 781, 782 (1978). New York is an unconsenting state. See Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977). Furthermore, because an action against state officers acting in their official capacities is essentially a claim against the state, such suits are also barred. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits

6

are also barred under the doctrine of sovereign immunity, unless such immunity is waived.")

Reading the Complaint liberally, to the extent that Plaintiff asserts a deliberate indifference claim against the Defendants in their individual, rather than official, capacities, dismissal is warranted under Rule 12(b)(6).  It is well-established that "a complaint must contain specific allegations of 'personal involvement of defendants in alleged constitutional deprivations'" to withstand a motion to dismiss.  Joyner v. Greiner, 195 F. Supp. 2d 500, 505 (S.D.N.Y. 2002)(quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  Here, the Complaint provides no factual allegations indicating that any of the Defendants were personally involved in the alleged misconduct.  It does not specify who treated Plaintiff, tested him, or otherwise denied him medical treatment.  Moreover, even if it had specified which Defendants withheld either the diagnosis of Plaintiff's condition or proper treatment thereof, the Complaint provides no indication that any of the medical personnel with whom he interacted acted with a "culpable state of mind." Hathaway, 37 F.3d at 66.  To the contrary, the Plaintiff's allegations are couched in terms of negligence rather than malice, asserting only that

7

"[s]omeone" breached a duty to properly treat him.[2] (Compl. 3.)

III. CONCLUSION

Accordingly, Defendants' motion to dismiss (dkt. no. 19) is GRANTED. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

Dated:   New York, New York
         August 31, 2009

                                  /s/ Loretta A. Preska
                                  LORETTA A. PRESKA
                                  Chief U.S.D.J.

---

[2] As I have already concluded that dismissal is warranted under Rules 12(b)(1) and 12(b)(6), I need not reach Defendants' exhaustion defense.